IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DELOICE WILLIAMS, for D.K.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:09cv1024-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion For Remand (Doc. #18) of this matter to the Social

Security Agency "for further development and evaluation" of the claimant's impairments.

Specifically, Defendant asserts that remand is necessary so that the ALJ may "obtain all

available and updated evidence from treating and academic sources as well as evidence from

a medical expert(s) to assist in such evaluation" and "weigh all opinion evidence as such

opinions relate to the issue of impairment severity." Def.'s Mot. (Doc. #18) at 2. Defendant

further contends that remand is necessary because "the ALJ did not explain in a meaningful

way how he weighed all medical source opinions as they related to impairment severity."

Def.'s Reply (Doc. #24) at 2.

Plaintiff has filed a Response (Doc. #22) in opposition to the Motion to Remand.

Plaintiff contends that the Motion to Remand is intended "to avoid this Court ruling on the

merits of the appeal," and that the "interest of justice would be served" by this Court

proceeding to determine whether Plaintiff "is entitled to a favorable ruling on the record."

Pl.'s Response (Doc. #22) at 2.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence). "Generally, a reversal with remand to the [Commissioner] is warranted where the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). This Court should reverse the Commissioner and award benefits, or remand to the Commissioner "for entry of an order awarding disability benefits," only when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Id.*

Based upon Plaintiff's brief, Defendant's representations, and the Court's own review of the ALJ's decision, *see* Tr. 14-24, it is apparent that the ALJ did not properly weigh all opinion evidence in the record concerning the issue of whether the claimant's impairments

equal a listed impairment.  Defendant's Motion is essentially a concession of such error.

However, the mere fact of ALJ error does not always warrant remand, much less an

immediate award of benefits, as Plaintiff here seeks.  Rather, as stated above, an award of

benefits should be made only upon a showing that the Commissioner "has already considered

the essential evidence and it is clear that the cumulative effect of the evidence establishes

disability without any doubt." *Davis*, 985 F.2d at 534.

       While there is compelling, probative evidence of the severity of the claimant's

impairments, *see* Tr. 186-190, the Court can not conclude on the record before it either that

the Commissioner has fully considered "the essential evidence," or that such evidence

"establishes disability without any doubt."  First, it is evident that the Commissioner requires

additional evidence, as the Commissioner seeks remand for "further development" of the

medical evidence, including obtaining additional opinion from a "medical expert."  Def.'s

Mot. (Doc. #18) at 2.  Likewise, the medical evidence in the record before the ALJ, and this

Court, does not "establish[] disability without any doubt."   While Dr. DiFrancisco's

diagnosis of learning disorder and ADHD was accepted by the ALJ, *see* Tr. 17, it is

noteworthy that neither the report completed by Dr. DiFrancisco nor the "Children's Form"

he completed upon referral from Plaintiff's counsel, *see* Tr. 186-190, address the claimant's

limitations in the six discrete domains of functioning relevant to the ALJ's analysis.  Also,

the ALJ properly took note of the fact that Dr. DiFrancisco's notes reflect that the claimant's

conditions continued to improve with appropriate treatment and intervention. *See* Tr.19, 192.

Finally, other evidence in the record - which was properly discussed and relied upon by the ALJ, *see, e.g.,* Tr. 180-85 (Childhood Disability Evaluation Form completed by Dr. Simpson) - lends some support to a finding that the claimant is not disabled.

As an additional matter, and as alluded to by the Commissioner, the ALJ's analysis of whether the claimant's impairments medically equal a listed impairment is fundamentally lacking in meaningful explanation of how the ALJ weighed the available medical source opinions.  Of course, the lack of such analysis does not dictate a finding of disability. However, such omission does restrict this Court's ability to review the ALJ's decision for compliance with applicable regulations.

For all of these reasons, the undersigned finds that remand to the ALJ is appropriate. Accordingly, it is

ORDERED that:

1.    The Commissioner's Motion to Remand (Doc. #18) is GRANTED.

2.    The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), for the reasons set forth in the Motion to Remand (Doc. #18) and in this Order.

3.    Upon receiving notice of any entitlement to past-due benefits, Plaintiff shall have sixty (60) days in which to seek attorney's fees under 42 U.S.C. § 406(b).[1]

---

[1]    *See Blitch v. Astrue*, 261 Fed. App'x 241, 242 n.1 (11th Cir. 2008).

A separate judgment will issue.

Done this 6th day of August, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE